UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO SALVADOR DAMIAN,

        Petitioner,                  Case No. 1:21-cv-965

v.                                         Hon. Hala Y. Jarbou

MICHAEL CARVAJAL, et al.,

        Respondents.
_____/

## OPINION

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because the Court does not have subject matter jurisdiction to consider Petitioner's requests for relief.

## Discussion

### I.    Factual allegations

Petitioner Antonio Salvador Damian is incarcerated at the North Lake Correctional Institution in Baldwin, Michigan. On August 24, 2007, the United States District Court for the Western District of Texas, entered a judgment sentencing Petitioner to 240 months' imprisonment following his guilty plea to one count of conspiring with intent to distribute a quantity of cocaine greater than 5 kilograms and a quantity of methamphetamine greater than

500 grams. *United States v. Lopez*, No. EP-03-DR-2338-DB(3) (W.D. Tex.) (herein "*Lopez*") (J., Doc. 73 at 1–2.)

Petitioner filed an appeal. It was dismissed as frivolous. *United States v. Lopez*, No. 07-51077 (5th Cir. Aug. 20, 2008). Petitioner then filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming that his counsel rendered ineffective assistance and the prosecutor breached an agreement regarding Petitioner's sentence. *Lopez* (§ 2255 Mot., Doc. 86.) By memorandum opinion and order entered October 29, 2010, the trial court denied relief. *Lopez* (Op. & Order, Doc. 132.) Petitioner also filed a motion to reduce sentence. *Lopez* (Mot., Doc. 145.) The trial court denied relief. Petitioner filed a motion for downward departure. *Lopez* (Mot., Doc. 204.) The trial court denied relief. Petitioner filed another motion to reduce sentence. *Lopez* (Mot., Doc. 210.) The trial court denied relief. Petitioner filed a motion for compassionate release and motions for retroactive application of new sentencing guidelines regarding cocaine quantity. *Lopez* (Mots., Docs. 327, 331, 336.) The trial court denied relief. Petitioner filed another motion to reduce sentence and for compassionate release. *Lopez* (Mot., Doc. 347.) The trial court denied relief. On November 16, 2021, Petitioner filed another motion for compassionate release. *Lopez* (Mot., Doc. 356.)

It does not appear that English is Petitioner's first language. The petition is scattered and confusing. Nonetheless, it appears that the motion for compassionate release that Petitioner recently filed in the Texas court seeks the same relief that Petitioner seeks in this Court. (Pet., ECF No. 1; Mot. for Compassionate Release, ECF Nos. 2–3.) He contends that he is medically vulnerable, that the COVID-19 pandemic poses significant risks to his health and safety and that the Bureau of Prisons and/or GEO Group, the private company that runs North Lake, have denied his requests for compassionate release in part because of the immigration detainer the Immigrations and Customs Enforcement has put in place. It is for that reason that

Petitioner names as respondents Michael Carvajal, Director of the BOP, Immigrations and Customs Enforcement (ICE), and T. Johns, the facility administrator of North Lake.

Petitioner asked the warden of his facility to seek compassionate release on his behalf. That request was denied, in part because Petitioner is subject to a detainer order from ICE. Petitioner does not contend that the detainer was improperly or unconstitutionally lodged;[1] but he does argue that denying him compassionate release because of the detainer violates his constitutional rights.

**II.     Discussion**

Section 2241 of Title 28, United States Code, limits the federal court's power to grant the writ of habeas corpus to five circumstances. The only circumstance that applies to Petitioner is that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3).[2] Petitioner argues that the failure to give him the remedy of compassionate release violates the Due Process Clause and the Equal Protection Clause, as well as the statutes that provide those remedies. Petitioner's claims are not properly before this Court.

---

[1] Petitioner attaches to his supporting memorandum an article that identifies potential constitutional infirmities for immigration detainers (ECF No. 2-1, PageID.16–20); however, he does not claim that those infirmities are present in his case. In fact, Petitioner has asked ICE to issue a final order of deportation because such an order poses less of a barrier to compassionate release than the detainer. (Oct. 5, 2021 Corr., ECF No. 2-2, PageID.22.)

[2] To the extent Petitioner attacks the constitutionality of the discretionary decisions by the BOP and the Texas court, the appropriate remedy would be reconsideration of Petitioner's application free of the alleged due process and equal protection violations that prompted the denial. The Sixth Circuit Court of Appeals has concluded that requests for that type of relief by state prisoners are inappropriate under § 2254 because they do not demonstrate that the prisoner "is in custody due to a violation of federal law." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020). Although the same reasoning would seem to apply to federal prisoners who claim they are in custody in violation of federal law under 28 U.S.C. § 2241(c)(3), the Sixth Circuit has held that it does not. *Id.* (distinguishing between state and federal prisoners based on the court's earlier decision in *Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009)).

In *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), the Sixth Circuit Court of Appeals provided background regarding the "compassionate release" remedy that is helpful to analysis of Petitioner's claims:

> The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in "extraordinary and compelling" circumstances. 18 U.S.C. § 3582(c)(1)(A). For over three decades, § 3582(c)(1)(A) allowed only the Bureau of Prisons ("BOP") to file motions for compassionate release. Because the BOP rarely did so, few compassionate release cases reached the federal courts. This drought of compassion concluded in 2020, when the forces of law and nature collided. The First Step Act of 2018's provision allowing incarcerated persons to file their own § 3582(c)(1)(A) motions coupled with COVID-19's pernicious presence in federal prisons triggered a massive upswing in imprisoned persons seeking compassionate release; 10,940 persons applied for compassionate release in the first three months of the pandemic alone.[1] Michael Jones is one of these legion petitioners. Jones is serving a ten-year sentence at Federal Correctional Institution Elkton, where one out of every four imprisoned persons has tested positive for COVID-19. In his § 3582(c)(1)(A) motion, Jones's medical ailments—which expose him to COVID-19-related health complications—comprise the crux of his request for a sentence reduction.
>
> The First Step Act and COVID-19 have redefined the compassionate release landscape. Because this court had little opportunity to examine compassionate release before this, technical questions regarding § 3582(c)(1)(A)'s requirements and standards of review long went unanswered. Our recent decision in *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020), unravels some of these mysteries. In lockstep with *Ruffin*, we hold that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry: district courts must "find" both that "extraordinary and compelling reasons warrant [a sentence] reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a). We resolve a debate that we first teed up in *Ruffin*, holding that U.S. Sentencing Guideline § 1B1.13 is not an "applicable" policy statement in cases where incarcerated persons file their own motions in district court for compassionate release. We also hold that the deferential abuse-of-discretion standard requires district courts to supply specific factual reasons for their compassionate release decisions.
>
> ---
> [1] *See* Keri Blakinger & Joseph Neff, *Thousands of Sick Federal Prisoners Sought Compassionate Release. 98 Percent Were Denied*, THE MARSHALL PROJECT (Oct. 7, 2020, 6:00 AM), https://www.themarshallproject.org/2020/10/07/thousands-of-sick-federal-prisoners-sought-compassio-nate-release-98-percent-were-denied (citing data provided by BOP showing that 10,940 federal prisoners applied for compassionate release between March and May 2020). The BOP has not provided data on how many

> persons have filed for compassionate release since May 2020. *See id.* But the BOP updates its website every day with a running total of "Compassionate Releases / Reduction in Sentences" since the First Step Act's passage in December 2018. *See* Federal Bureau of Prisons, First Step Act, https://www.bop.gov/inmates/fsa/index.jsp (last visited Nov. 2, 2020). On November 2, 2020, BOP's website represented that there have been 1,992 grants since December 2018. *Id*. Because the Sentencing Commission has reported that there were twenty-four grants of compassionate release in 2018 and 145 grants in 2019*, see* U.S. SENT'G COMM'N, THE FIRST STEP ACT OF 2018: ONE YEAR OF IMPLEMENTATION (Aug. 2020) at 47 & n.143, we can safely assume that there has been an unprecedented surge in both filings and grants of compassionate release motions in 2020.

*Jones*, 980 F.3d at 1100–02 (some footnotes omitted).

Even though the First Step Act permits Petitioner to directly seek compassionate release from the district court, Petitioner is still required to first seek relief from the BOP. 18 U.S.C. § 3582(c)(1)(A). Petitioner raises constitutional challenges that apply to both aspects of his quest for compassionate release—his attempt to get the BOP to seek compassionate release on Petitioner's behalf and, after the BOP declined, his request for that relief from the district court. Neither decision, however, is reviewable under 28 U.S.C. § 2241.

In *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011), the Sixth Circuit Court of Appeals concluded that "a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate." *Id*. at 485. Moreover, the court specifically determined "that § 2241 does not provide subject matter jurisdiction" over a petition seeking to review the BOP's decision to not seek a compassionate release for an inmate. *Id*. at 484. The court agreed with the many courts that concluded "that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." *Id*. at 485. Accordingly, Petitioner's challenge to the BOP's determination is properly dismissed.

Similarly, Petitioner's challenge to the Texas district court's denial of compassionate release is not properly before this Court. "[O]nly the sentencing court is authorized to reduce a term of imprisonment [under] 18 U.S.C. § 3582(c)." *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). "A district court reviewing a claim under § 2241 does not

have the authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Id*. at 838.  Accordingly Petitioner's implicit challenge to the Western District of Texas court's denial of his motion for compassionate release is properly dismissed as well.

Petitioner also suggests that he has been inappropriately denied the possibility of "home confinement."  Petitioner includes with his petition a memorandum from the United States Attorney General to the Director of the BOP regarding the use of home confinement to reduce COVID-19 risks in the federal prisons.  (Memo., ECF No. 2-3, PageID.26–28.)

With regard to home confinement the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), "expand[ed] the power of the Bureau of Prisons to 'place a prisoner in home confinement' as an alternative to compassionate release."  *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).  But, "the BOP has sole discretion to transfer an inmate to home confinement."  *United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020) (citing 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(2)); *see also United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); *United States v. Blevins*, No. 1:17-cr-189, 2020 WL 6877220, at *2 (W.D. Mich. June 5, 2020) ("[T]he court does not have authority to dictate where a prisoner serves a sentence, such as home confinement.").  This Court has no authority to order home confinement under § 2241 or otherwise.  *Bradley v. Hemingway*, No. 1:21-cv-10461, 2021 WL 2012839, at *3 (E.D. Mich. May 20, 2021).

**Conclusion**

Petitioner's core request asking this Court to grant compassionate release is properly brought in the United States District Court for the Western District of Texas. Petitioner has already filed a motion seeking that relief in Texas and the motion remains pending. This Court does not have authority to review the BOP's decisions regarding Petitioner's administrative requests for compassionate release or for home confinement. Accordingly, the Court will enter a judgment dismissing the petition without prejudice. *Id*. (dismissal for lack of subject matter jurisdiction should be without prejudice). In § 2241 cases, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated:   December 2, 2021                            /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE